# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY COOK | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:18cv367-HSO-JCG |
| | § | |
| BP AMERICA PRODUCTION COMPANY and BP EXPLORATION & PRODUCTION, INC. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [29] FOR SUMMARY JUDGMENT AND DENYING AS MOOT DEFENDANTS' MOTION [33] TO DISMISS

BEFORE THE COURT is Defendants BP America Production Company and BP Exploration & Production, Inc.'s Motion [29] for Summary Judgment Based on Lack of Causation and Motion [33] to Dismiss. Plaintiff Tiffany Cook alleges she suffered a Later-Manifested Physical Condition caused by her exposure to substances during her work in the clean-up effort following the 2010 *Deepwater Horizon* Oil Spill. After consideration of the record, Defendants' Motions, and relevant legal authority, the Court is of the opinion that Defendants' Motion [29] for Summary Judgment should be granted, and Defendants' Motion [33] to Dismiss should be denied as moot.

## I. BACKGROUND[1]

Plaintiff Tiffany Cook ("Cook") is a member of the *Deepwater Horizon* Medical

---

1 All facts and inferences are presented in the light most favorable to Cook, the nonmoving party. *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

Benefits Class and is covered by the Medical Settlement Agreement ("MSA") entered in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, commonly referred to as "MDL 2179". Compl. [1] at 1; Mem. in Supp. [30] at 1. The MSA resolved "certain claims of individuals engaged as clean-up workers and residents of particular geographical boundaries in the Gulf of Mexico related to their exposure to oil and/or dispersants arising from the DEEPWATER HORIZON incident and subsequent response efforts." *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, No. 2:10-md-2179, 2016 WL 4091416 at *4 (E.D. La. Aug. 2, 2016). On January 11, 2013, the MSA was given final approval by the MDL 2179 court and became effective on February 12, 2014. *See id.*

From May 2010 until October 2011, Cook worked as a Clean-Up Worker, as defined by the MSA, in Venice, Louisiana, and Biloxi, Mississippi, for USA Environmental, Inc., following the *Deepwater Horizon* Oil Spill. Compl. [1] at 4. She performed Response Activities as defined by the MSA, which consisted of shoreline clean-up in the marshes and on beaches. *Id.* at 5. Shoreline clean-up required Cook to lay buoys and bag contaminated materials that were being used to absorb the oil. *Id.*

Cook alleges that during her performance of these activities she was exposed through inhalation, airborne, and direct contact to oil, dispersants, and other harmful chemicals. *Id.* On some occasions, Cook's eyes, nose, mouth, and skin were exposed to oil, dispersants, and other harmful chemicals because of a lack of

protective gear. *Id.* Cook asserts that the various harmful effects caused by these dispersants include: eye, skin, gastrointestinal, and respiratory tract irritation; chemical pneumonia; liver and kidney effects and/or damage; central nervous system effects; nausea; vomiting; anesthetic or narcotic effects; and carcinogenic effects. *Id.* at 3-4.

The MSA offered class members who did not opt-out of the *Deepwater Horizon* Medical Benefits Class two remedies for pursuing their medical claims. *See In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2:10-md-02179-CJB-JCW, ECF 6427-1 at 32 (E.D. La. Oct. 5, 2018). The first was a compensation plan which provided fixed payments for Specified Physical Conditions ("SPC"). *Id.* at 35, 44. Cook submitted a SPC claim, was approved as a class member, and received a determination for her SPC. Compl. [1] at 5.

The second remedy allowed class members to bring a lawsuit against BP America Production Company and BP Exploration & Production, Inc. ("BP Defendants") for "Later-Manifested Physical Conditions" ("LMPCs"). *In Re: Oil Spill*, 2:10-md-02179-CJB-JCW, ECF 6427-1 at 60. LMPCs are physical conditions which a class member claims are the result of spill-related exposures that were first diagnosed after April 16, 2012. *Id.* at 20-21. Lawsuits seeking recovery for LMPCs are referred to as Back-End Litigation Option ("BELO") suits. *Id.* at 12. In a BELO lawsuit, a plaintiff must prove legal causation. *Id.* at 70. Cook's SPC is a separate injury from the LMPC claims she asserts in this BELO lawsuit. Compl. [1] at 5.

On March 12, 2015, Cook was diagnosed with thyroid cancer. *Id.* She

received a valid Notice of Intent to Sue Letter, as required by the MSA, on January 30, 2018. *Id.* On March 9, 2018, she received BP Defendants' Notice of Election Not to Mediate. *Id.* Cook timely filed her BELO Complaint on July 18, 2018, within the 6-month time period of receiving BP Defendants' Notice required by the MSA. *Id.* The case was then transferred to this Court from the Eastern District of Louisiana on November 19, 2018. Order [7].

## II. DISCUSSION

BP Defendants filed a Motion [29] for Summary Judgment on August 7, 2019. Mot. for Summ. J. [29]. Cook failed to respond within the time required. The Court entered a Show Cause Order on September 3, 2019, directing Cook to respond, "on or before September 9, 2019, or the Court will consider BP Defendants' Motion [29] for Summary Judgment on the merits without considering a response from Plaintiff." Show Cause Order, Sep. 9, 2019. Cook did not file a response following that Order. BP Defendants subsequently filed a Motion [33] to Dismiss based on Cook's failure to comply with this Court's September 9, 2019, Show Cause Order. Mot. to Dismiss [33] at 1. Cook also did not respond to BP Defendants' Motion [33] to Dismiss. Thus, the Court will consider BP Defendants' Motion [29] for Summary Judgment on the merits without the benefit of a response from Cook.

A.  Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the

nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp.*, 612 F.3d at 858.

B. Proof of causation

BP Defendants contend that Cook has failed to establish causation in this matter. Mot. for Summ. J. [29] at 1. Specifically, they maintain that Cook has not produced expert testimony as is required in a toxic tort suit under general maritime law and the MSA. Mem. in Supp. [30] at 5. Cook has not submitted any evidence of causation, other than the claims she makes within her Complaint.

In a toxic exposure tort case such as this, the Fifth Circuit has elucidated the

following standard regarding causation evidence:

> General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury. Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence. Thus, there is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.

*Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (internal citations omitted). For a plaintiff to establish legal cause, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain a plaintiff's burden in a toxic tort case." *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 670 (5th Cir. 1999) (also citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). The Fifth Circuit requires that there be proof through medical testimony. *Seaman*, 326 F. App'x at 723; *Harriel v. BP Expl. & Prod. Inc.*, No. 2:17-CV-197-KS-MTP, 2019 WL 2574118 at *3 (S.D. Miss. May 15, 2019). For any testimony based on information outside the course of treatment, a Rule 26(a)(2)(B) expert report is required. *Harriel*, 2019 WL 2574118 at *4.

Cook has not designated any expert, provided any admissible expert causation opinions, or shown proof of causation through medical testimony. Mem. in Supp. [30] at 6. Without any expert testimony, Cook cannot carry her burden of

proof on causation by providing scientific evidence of the harmful level of exposure to the chemicals, an essential element of her claim. *See Harriel*, 2019 WL 2574118, at *4. Further, she has not provided any evidence of her level of exposure. Cook alleges that exposure to 2-butoxyethanol ("EGBE"), which is contained in Corexit® EC9527A[2], may be carcinogenic to humans. Compl. [1] at 4. However, she does not identify the levels of EGBE at which these carcinogenic effects occur or the amount of EGBE to which she was exposed. Cook has also not identified proof through medical testimony that these chemicals caused her injuries. As such, she has failed to raise a genuine issue of material fact on whether her work on the Oil Spill caused her thyroid cancer. Because Cook cannot meet her burden of proof on an essential element of her claim, summary judgment should be granted in favor of BP Defendants.

## III. CONCLUSION

As Cook has not shown the existence of a question of material fact for resolution at trial regarding causation, summary judgment should be granted. Because the Court finds summary judgment should be granted, BP Defendants' Motion [33] to Dismiss is moot. To the extent the Court has not specifically addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants BP America Production Company and BP Exploration & Production, Inc.'s Motion [29]

---

[2] Corexit® EC9527A was sprayed over large areas that contained oil during the clean-up. Compl. [1] at 3. Cook refers to it as one of the dispersants. *Id.*

for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants BP America Production Company and BP Exploration & Production, Inc.'s Motion [33] to Dismiss is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Tiffany Cook's claims in this BELO lawsuit are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 4th day of December, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE